# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHYLLIS D. DAY,<br><br>      Plaintiff,<br><br>v.<br><br>ALEX M. AZAR II, Secretary, Department of Health and Human Services,<br><br>      Defendant. | Case No. 1:16-cv-02513 (TNM) |

## **MEMORANDUM OPINION**

On September 30, 2016, Phyllis Day filed a Complaint in the Superior Court of the District of Columbia, alleging that her employer, the Department of Health and Human Services, retaliated against her in 2011 and 2012 for engaging in activity protected by Title VII.[1] The Secretary of the Department removed the case to this court under 28 U.S.C. § 1442(a)(1) and moved to dismiss the case for lack of jurisdiction, failure to exhaust administrative remedies, and failure to state a claim. Ms. Day, who hired counsel after filing her Complaint, conceded that the *pro se* Complaint failed to state a claim and moved for leave to amend her Complaint. Because amendment would be futile in light of the Court's lack of jurisdiction over the case, Ms. Day's Motion for Leave to Amend will be denied and the Secretary's Motion to Dismiss will be granted.

---

[1] Ms. Day's Complaint named Sylvia M. Burwell as the Defendant, in her official capacity as Secretary of the Department of Health and Human Services. The current Secretary of the Department, Alex M. Azar II, has been substituted as the Defendant by operation of Federal Rule of Civil Procedure 25(d).

## I. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" and therefore "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, jurisdiction is a prerequisite that must be satisfied before proceeding to the merits, and a federal court must dismiss any action over which it determines that it lacks jurisdiction. *Moms Against Mercury v. FDA*, 483 F.3d 824, 826 (D.C. Cir. 2007); *see also* Fed. R. Civ. P. 12(h)(3). On a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of establishing jurisdiction. *Georgiades v. Martin-Trigona*, 729 F.2d 831, 833 n.4 (D.C. Cir. 1984). A plaintiff may rely on facts outside the pleadings to satisfy this burden, as "the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992). The Court construes *pro se* filings liberally, holding them "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## II. ANALYSIS

28 U.S.C. § 1442(a)(1) grants federal courts removal jurisdiction over claims against federal defendants. But this jurisdiction is derived from the jurisdiction of the court from which the claims are removed. *Merkulov v. United States Park Police*, 75 F. Supp. 3d 126, 130 (D.D.C. 2014) (holding that the doctrine of derivative jurisdiction applies to removal under Section 1442 and collecting cases that hold Congress's abrogation of the doctrine of derivative jurisdiction with respect to removal under 28 U.S.C. § 1441 does not impact the doctrine's application to Section 1442). Accordingly, this Court has jurisdiction over claims removed from the Superior

Court of the District of Columbia under Section 1442(a)(1) only to the extent that the Superior Court itself had jurisdiction to hear those claims. *See Lambert Run Coal Co. v. Baltimore & Ohio R.R. Co.*, 258 U.S. 377, 382 (1922) ("If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction."). Applying this rule to the case at hand, my jurisdiction over Ms. Day's claims depends on whether the Superior Court of the District of Columbia has jurisdiction to hear Title VII claims against federal employers.

### A. Title VII Does Not Expressly Authorize the Superior Court of the District of Columbia to Hear Claims Against Federal Employers

"The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted). Title VII waives the sovereign immunity of the United States by authorizing a federal employee who has exhausted his administrative remedies to "file a civil action *as provided in section 2000e-5* of this title" against "the head of the department, agency, or unit" by which he is employed. 42 U.S.C. § 2000e-16(c) (emphasis added). But this waiver is subject to the provisions of 42 U.S.C. § 2000e-5(f) through (k). 42 U.S.C. § 2000e-16(d). Section 2000e-5(f) clarifies the scope of the waiver by specifying which courts shall have jurisdiction over Title VII claims. It states, "Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter." 42 U.S.C. § 2000e-5(f).

As the Supreme Court has noted, this statutory text "is completely silent on any role of the state courts." *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 825 (1990). The clear meaning of the phrase "United States district court" does not encompass state courts or the courts

3

of the District of Columbia. And although the District of Columbia is of course "a place subject to the jurisdiction of the United States," the Superior Court of the District of Columbia is not a "United States court" of such a place. In interpreting similar language in 18 U.S.C. § 1503, the Third Circuit has explained that whether a court is a "court of the United States" depends on its "nature as an institution, the classification, federal, state, or territorial, into which it falls." *United States v. George*, 625 F.2d 1081, 1089 (3d Cir. 1980).[2]

Although its judges are nominated by the President and confirmed by the Senate, the District of Columbia court system is "wholly separate" from the Article III system and is "essentially similar to those of the local courts found in the 50 States of the Union." *Palmore v. United States*, 411 U.S. 389, 408-09 (1973). So its nature is that of "a local court system." *Id.* Congress created it "primarily to concern itself with local law and to serve as a local court system for a large metropolitan area." *Id.* at 408. And Congress has directed that the Superior Court of the District of Columbia be considered a state court for removal purposes. 28 U.S.C. § 1451(1). Thus, the Superior Court of the District of Columbia is not a "*United States court of a place subject to the jurisdiction of the United States.*" 42 U.S.C. § 2000e-5(f) (emphasis added); *see also United States v. Regina*, 504 F. Supp. 629, 631 (D. Md. 1980) (holding that "the Superior Court of the District of Columbia is not a 'court of the United States' for purposes of 18

---

[2] Among other things, 18 U.S.C. § 1503 prohibits threatening an officer of "any court of the United States." The Third Circuit held that, although the territorial court for the Virgin Islands had jurisdiction over both federal and local causes of action, territorial courts were not courts of the United States. *See id.* (citing *United States v. Bell*, 108 F. Supp. 777 (D. Alaska 1952)). Congress later amended the statute to include territorial courts within the definition of "court of the United States," but did not include the courts of the District of Columbia. *See* 18 U.S.C. § 23.1. This suggests the possibility that the phrase "United States court of a place subject to the jurisdiction of the United States" refers to territorial courts and not to the courts of the District of Columbia.

U.S.C. [§] 1503"). Accordingly, it is not expressly authorized to hear claims against federal employers.

### B. The Supreme Court's Interpretation of Title VII Does Not Implicitly Authorize the Superior Court of the District of Columbia to Hear Claims Against Federal Employers

The absence of express consent to be sued in the Superior Court of the District of Columbia should settle the case. It is well established that "[a] waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citation omitted). Where sovereign immunity has been waived, the waiver "will be strictly construed, in terms of its scope, in favor of the sovereign." *Id.* But, despite the fact that sovereign immunity cannot be waived through implicit consent to be sued in a given court, Ms. Day argues that the Supreme Court's interpretation of Title VII in *Yellow Freight* implicitly authorizes the Superior Court of the District of Columbia to hear claims against federal employers. In support of this argument, she points to the dissenting opinion in a Fourth Circuit case that considered the same issue. *See Bullock v. Napolitano*, 666 F.3d 281, 287 (4th Cir. 2012) (Gregory, J., dissenting) (emphasizing that jurisdiction over Title VII claims against private and federal employers are governed by the same statutory language).

In *Yellow Freight*, the Supreme Court determined that a state court could hear Title VII claims against a private employer. *Yellow Freight*, 494 U.S. at 821. However, it did not specifically address the jurisdiction of state courts over Title VII claims against federal employers—employers who enjoy the benefit of sovereign immunity except to the extent that immunity is expressly waived. Importantly, *Yellow Freight* did not depend on a determination that Title VII's text authorizes state courts to hear Title VII claims: The Supreme Court acknowledged that the text of Title VII says nothing about the jurisdiction of state courts. *Id.* at

5

825. Thus, the Court's determination did not depend on a textual analysis that would apply with equal force to both private and federal employers.

Instead, *Yellow Freight* depended on the presumption that state courts have jurisdiction to adjudicate claims arising under federal law. *Id.* at 823. Unlike the presumption of sovereign immunity, which can only be overcome by an express waiver, this presumption of concurrent jurisdiction may be overcome "either explicitly or implicitly." *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 478 (1981). The Supreme Court has established that "the presumption of concurrent jurisdiction can be rebutted by an explicit statutory directive, by unmistakable implication from legislative history, or by a clear incompatibility between state-court jurisdiction and federal interests." *Tafflin v. Levitt*, 493 U.S. 455, 459-60 (1990) (quoting *Gulf Offshore*, 453 U.S. at 478).

The presumption of concurrent state-court jurisdiction was controlling in *Yellow Freight* because it was not overcome by the text or history of Title VII and because there was no clear incompatibility between state-court jurisdiction and federal interests. *Yellow Freight*, 494 U.S. at 823-25. Where the defendant is a federal employer, however, state-court jurisdiction comes into conflict with the federal interests protected by the presumption of sovereign immunity and by the rule that any waiver of sovereign immunity must be construed narrowly. *See Lane*, 518 U.S. 192. In this context, the presumption of concurrent jurisdiction is not controlling.

As the Fourth Circuit has stated, "The fallacy in [extending] the logic of *Yellow Freight* to suits against the United States is that state courts do not have presumptive jurisdiction to decide suits against the United States." *Bullock*, 666 F.3d at 285. To the contrary, as has already been explained, state courts presumptively lack jurisdiction over claims against the United States. *Id.* This presumption can only be overcome by an "unequivocally expressed" waiver

6

that, even though construed narrowly, grants state courts jurisdiction over the United States. *Id.* And Title VII does not contain such a waiver. *See id.* at 286. This determination by the Fourth Circuit is the only authority the parties have cited that is squarely on point, and I concur in the Fourth Circuit's conclusion that state courts lack jurisdiction over Title VII claims against federal employers.

\* \* \*

In sum, Title VII's "complete silence" on whether the Superior Court of the District of Columbia may hear Title VII claims against federal employers leaves the sovereign immunity of the United States intact. *See id.* Neither the Supreme Court's holding in *Yellow Freight* nor the presumption of concurrent jurisdiction on which *Yellow Freight* relied can turn the language of Title VII into an implicit consent for the Superior Court of the District of Columbia to hear such claims, because an implicit consent is no consent at all under controlling law. *See id.* So the Superior Court of the District of Columbia lacked jurisdiction over Ms. Day's Title VII claims against the Secretary of the Department of Health and Human Services, and I cannot derive removal jurisdiction over these claims under 28 U.S.C. § 1442(a)(1), the statute pursuant to which Ms. Day's case was removed to federal court. *See id.* at 286. This is true even though I may have had jurisdiction had the case been initially brought in federal court. *See Lambert Run Coal Co.*, 258 U.S. at 382.

### III. CONCLUSION

For the reasons explained above, this Court lacks derivative jurisdiction over Ms. Day's claims. No amendment to her Complaint can cure its jurisdictional deficiency. Accordingly,

Ms. Day's Motion for Leave to Amend will be denied and the Secretary's Motion to Dismiss will be granted. A separate order will issue.

Dated: April 2, 2018

TREVOR N. MCFADDEN
United States District Judge